Anthony Oliver, #2019040074
1050 Carl Griffin Drive
Savannah, Georgia 31405

United States District Court
District of South Carolina

Anthony Oliver,[1]

Plaintiff,

v.

JND Holdings, L.L.C.,
a Washington State limited
liability Company; Jennifer
Keough, individual Capacity;
and Does 1-10, inclusive:

Case No:

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF

DEMAND FOR JURY TRIAL

COMPLAINT FOR DAMAGES

Plaintiff Anthony Oliver, ("Plaintiff"), brings this Complaint for damages and injunctive relief against Defendants JND Holdings, LLC, ("JND") and its President Jennifer Keough, ("Keough") to stop the Defendants from their continued Fraud upon the United States District Courts, the United States of America, and for damages sustained by Plaintiff as a direct result of the actions of the Defendants.

[1] Plaintiff is a current law school student unless otherwise specified.

## I. NATURE OF THE CASE

In an effort to promote their class action administration services, Defendants JND Holdings, L.L.C., and its President Jennifer Keough, engage and continue to engage in an invasive and unlawful form of marketing: Defendants seek to become a class action administration appointed by a State or federal Judge to allegedly send out class action notices to potential Class members, but Defendants admittedly do not do so that enables Defendants to pocket millions of dollars each month and year. Defendants, once appointed by a Court of law receive hundreds of thousands of dollars, to millions.

Defendants, by and through its chief executive officer, Jennifer Keough then contacts class Plaintiffs and members in State and federal lawsuits and offers large sums of money to Plaintiffs to refer JND Holdings, LLC., to "new and upcoming" class actions. Once class Plaintiffs find or are apart of "new and upcoming" class actions, its President Jennifer Keough then refuses to the referral fee(s). In this case, Jennifer Keough contacted the Plaintiff, she was informed that Plaintiff in this case was a potential Class Plaintiff in other cases filed in federal court, agreed to pay Plaintiff $30,000 dollars for each referral and after putting this agreement in writing, refused to pay Plaintiff thereby causing Plaintiff damages, including, but not limited to Plaintiff having his vehicle repossessed.

www.PrintablePaper.net

## II. JURISDICTION AND VENUE

This court has jurisdiction over ~~per~~ this matter pursuant to 28 U.S.C. 1332 as the alleged amount in controversy greatly exceeds the sum of $75,000. dollars. This court also has jurisdiction 28 U.S.C. 1331 for claims arising out of the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. 1964, et seq.

Venue is proper in this District because: (a) the acts and transactions occurred here; (b) the injuries to Plaintiff arose from this judicial District; and (c) Defendants transacts business in this District and Federal Court. Injunctive Relief is available pursuant to 28 U.S.C. 2201-2202.

## III. ALLEGATIONS COMMON TO All COUNTS

Defendants JND Holdings, L.L.C., ("JND") and its purported President and Chief Executive officer Jennifer Keough, ("Keough") is a familiar class action administration Company that solicits law firms, attorneys, state and federal courts, as well as class members and Plaintiffs.

In 2018, Defendants JND and Keough were appointed by the United States District Court to serve as the administrator in a federal civil rights class action. After JND was appointed, JND and KEOUGH began contacting class Plaintiffs and members through records provided by the Defendant in the federal civil rights case.

www.PrintablePaper.net

In December of 2018, Defendants JND and KEOUGH sent the Plaintiff a notice that Plaintiff was appointed by a federal Judge to serve as a class Plaintiff representative in the class action case. Defendants JND and KEOUGH also provided the Plaintiff with a claim form and instructions to keep JND updated with a change of address. Plaintiff later moved to a new home[2] and changed his mailing address.

Several days later, Defendant KEOUGH telephoned Plaintiff to inform him that a change of address was entered on behalf of the Plaintiff. Further, KEOUGH went on to inform the Plaintiff that KEOUGH knew Plaintiff was another Plaintiff in three (3) other potential class actions. KEOUGH informed the Plaintiff that she would pay Plaintiff the amount of $30,000 dollars each case, and would pay Plaintiffs law School fees and tution for one (1) year.

Defendant KEOUGH stated that she reviewed the other cases the Plaintiff was involved in, and based on the potential class size, that KEOUGH could afford to pay a $30,000 referral fee per case. KEOUGH and Plaintiff agreed and entered into a written agreement. Defendant KEOUGH emailed Plaintiff to confirm the agreement and that Plaintiff would be paid once Plaintiff put KEOUGH in contact with the class action lawyers on each of these three (3) cases. Plaintiff was then asked by KEOUGH through email for Plaintiff to direct his class action lawyers to use only JND in each of these (3) cases.

---

[2] Plaintiff is both a resident of the State of South Carolina and Georgia.

www.PrintablePaper.net

On or about February 5, 2019, Plaintiff and KEOUGH met in Greenville, South Carolina to seal the deal. During the meeting, KEOUGH admitted that through her company, KEOUGH is appointed in various class actions in State and Federal Court, and her job is to locate potential class members. Defendant KEOUGH also went on to tell Plaintiff that KEOUGH uses potential class members personal and confidential information such as phone numbers and letters and addresses to contact these members to solicit her services of paying referral fees to members who would be involved in other cases.

Defendant KEOUGH also informed the Plaintiff that KEOUGH is often required to send letters, postcards, and flyers to potential class members but that KEOUGH does not do so, and also pockets the funds and costs for doing so, and uses these funds to pay referral fees to people like the Plaintiff.

Defendant KEOUGH, through JND, informed Plaintiff that if JND and KEOUGH were ever audited or ordered to show receipts for expenses, that JND and KEOUGH would not be able to account for "millions upon millions of dollars" KEOUGH has pocketed over the past Five (5) years.

In March of 2019, Defendant KEOUGH met with Plaintiff in Savannah, Georgia. Both KEOUGH and Plaintiff aggreed that JND and KEOUGH would hire Plaintiff to be employed with JND and KEOUGH to serve as an "account Executive" that would require Plaintiff to solicit business on behalf of JND.

www.PrintablePaper.net

Over the next several weeks, Plaintiff, JND and KEOUGH executed a written employment agreement by email and KEOUGH began searching for an office for Plaintiff to work out of for JND.

Several weeks later, KEOUGH contacted Plaintiff regarding the other cases in which Plaintiff is/was the potential class Plaintiff in to determine whether or not JND, KEOUGH and her partners were approved by Plaintiff's class counsel to serve as an administrator for these cases. Plaintiff informed KEOUGH that JND was not approved to serve as the class administrator and that Plaintiff's counsels decided to use Epiq Systems, Inc., to serve as the administrator.

Thereafter, KEOUGH, acting within scope of employment, informed Plaintiff that he no longer "works" for JND and is considered "shut down" and has "no future" with JND. Over the next several weeks, Plaintiff contacted JND and KEOUGH regarding payment for working for JND and KEOUGH refused to pay Plaintiff not only the $30,000 referral fees for three (3) class actions totaling $90,000, but JND and KEOUGH refused to pay Plaintiff for his work in advertising, hourly wage, and expenses traveling from South Carolina to Savannah and Atlanta, Georgia.

Prior to being terminated, Plaintiff uncovered evidence that JND and KEOUGH never sent out class notices to potential class members in Howard v. Southwest Gas Corporation, USDC, D. Nevada, Case # 18-CV-01035-JAD-VCF.

Instead, Defendants pocketed the class member payments and pocketed funds used for mailing postcards and letters.

www.PrintablePaper.net

Title 18 U.S.C. 1341 defines the crime of mail fraud under Federal law, and provides in pertinent part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money for the purpose of executing such scheme or artifice or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing to be sent or delivered by the postal service, or deposits or causes to be deposited any matter or thing whatever to be sent or delivered by any private or commercial interstate carrier, or takes or receives there from, any such matter or thing, shall be fined under this title or imprisoned not more than 20 years, or both."

Under this statute, Defendants Jennifer Keough and JND Holdings, L.L.C., are clearly in violation of such statute and should be fined and imprisoned.

Title 18 U.S.C. 1343 defines the crime of wire fraud under Federal law, and provides in pertinent part: "Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money.... by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both".

Defendants, and each of them are in violation of this statute and should be fined and imprisoned.

www.PrintablePaper.net

Defendants JNO and KEOUGH has generated most of its wealth with the use of the wrongfully obtained funds. Additional funds the Defendants has obtained by deceiving the United States District Courts, the United States of America, multiple Corporations, Potential class members and law firms nationwide. By deceiving these entities and citizens, JNO and KEOUGH has fueled their business expansion and built the considerable present value of JNO Holdings, L.L.C., allowing JNO and KEOUGH to bring in as much as $16 million in the last fiscal year.

Those savings and fraud translate into higher net revenues which attract investment Capitol, law firms, and attract additional and better technical and marketing staff and provide for better advertising, skyrocketing JNO's market value to $30 million, in less than 5 years.

Defendants' statements to state, Superior and Federal Court's, law firms, and proposed class members are false and deceptive because they tend to deceive these parties who may buy or approve the Defendants' services; therefore, at the very least, these deceptive acts and practices of not sending out class notices to proposed Plaintiffs and members, violate the Unfair law under both the Unfair business practice prong and under the fraudulent business practice prong. establishing a basis for simple restitution of any and all funds retained and stolen by the Defendants'

www.PrintablePaper.net

8

As an employee of JNU and KEOUGH, Plaintiff was to average about $7,000 dollars monthly in take home salary, as well as reimbursements for out of pocket costs, expenses, traveling costs and more. Here, Plaintiff is entitled to past, future, and compensatory damages.

As a direct result of the actions of the Defendants as pled herein, Plaintiff was left with no income, suffering from depression as Plaintiff was unable to find any immediate employment, had to borrow money, and seek extensions of time to pay house hold bills.

In addition, the actions of the Defendants were intentional, reckless, caused injury and serious injury to the said Plaintiff thereby justifying an award of punitive damages pursuant to South Carolina State law.

FIRST CAUSE OF ACTION

BREACH OF CONTRACT

PLAINTIFF V. DEFENDANTS

Plaintiff incorporates each of the paragraphs of this Complaint as if fully set forth herein.

The Plaintiff entered into a written contract with the Defendants in which the parties agreed that Plaintiff would be paid the amount of $30,000 dollars for each of class action referrals for a total of $90,000, but Defendants' breached the contract with the Plaintiff causing actual damages.

The Defendants failed and refused to pay the Plaintiff the sum of $90,000.

Defendants further breached the employment contract with Plaintiff when the Defendants agreed to retain the Plaintiff as their employee. Once Plaintiff failed to have Defendant JND Holdings, L.L.C., appointed in his three (3) potential class actions, Defendants retaliated against the Plaintiff by terminating him.

As a result of the breach of contract by these Defendants, the Plaintiff has suffered damages, loss of money expenses, loss of employment, loss of economic advantage, and other unknown damages sustained by the Plaintiff. Plaintiff is entitled to recover punitive damages from the said Defendants.

SECOND CAUSE OF ACTION
VIOLATIONS OF FEDERAL ANTITRUST LAW (15 U.S.C. Sec. 1)
PLAINTIFF V. Defendants.

Plaintiff incorporates each of the following paragraphs of this complaint as if fully set forth herein.

Defendants and their unknown co-conspirators entered into a combination and/or conspiracy in restraint of trade, and thereby violated Section I of the Sherman Act, 15 U.S.C. Sec. 1.

Specifically, Defendants conspired and agreed to restrain trade and commerce by cheating law firms, corporations, state, county, and federal courts by stating and advertising that Defendants would notify proposed and potential class members and Plaintiffs of pending class action lawsuits by mail, email and text messages, but refused to do so. Defendants engaged in a scheme to pocket these funds instead to allegedly pay people like Plaintiff "referral fees".

The Defendants engaged in numerous anticompetitive activities, as alleged herein in order to create and undertake this unlawful combination or conspiracy. These activities and acts were done in furtherance of the conspiracy and/or combination in restraint of trade, and were undertaken, authorized, or ordered by officers, employees, and agents of Defendants while engaged in the management of Defendants' business.

www.PrintablePaper.net

11

The activities were directed at the citizens of the United States of America, the United States of America itself, the United States District Courts, and thousands of State and Superior Courts nationwide, as well as proposed Class members and Plaintiffs. The collusion, Conspiracy, and Combination between the Defendants', extended to numerous areas of financial gain to reap millions of dollars. in profits.

As a direct and proximate result of Defendants' conduct, Plaintiff has been injured in his business and property, and will continue to be injured if Defendants' Conduct is not enjoined.

Defendants' conduct shall be punishable By a conviction and a fine not exceeding the amount of $ 100,000 if a Corporation, and $ 10,000 by a person.

### THIRD CAUSE OF ACTION
### VIOLATIONS OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS UNDER 18 U.S.C. Section 1964, et seq.

Plaintiff incorporates each of the following paragraphs of this Complaint as if fully set forth herein.

Defendants have engaged in a pattern of racketeering activity connected to the acquisition, establishment, Conduct or control of their respective enterprises. In Furtherance of their pattern of Racketeering Activity, Defendants have taken multiple actions constituting Wire Fraud under 18 U.S.C. Sec. 1343, which amounts to or poses a threat to Continued criminal activity.

www.PrintablePaper.net

12

Defendants wire Fraud consists of their scheme or artifice to defraud or to obtain money or property by means of false pretenses, representations, or promises; their use of interstate wires for the purpose of executing the scheme; and a specific intent to defraud either by devising, participating in or abetting the scheme.

The actions of the Defendants constitute a conspiracy under RICO because the Defendants along with their board of directors, officer's, and investors, conspired to committ these RICO offenses and acted in furtherance thereof. Under 18 U.S.C. Section 1964 (c), Plaintiff is entitled to recover threefold his damages, plus costs from the RICO Defendants.

FOURTH CAUSE OF ACTION
Declaratory and Injunctive Relief
PLAINTIFF V. Defendants
28 U.S.C. 2201 & 28 U.S.C. 2202

As a seperate and distinct cause of action, Plaintiff Complains and realleges all of the allegations contained in this complaint, and incorporates them by reference into this cause of action as though fully set forth herein, except those allegations which are inconsistent with this cause of action.

Plaintiff desires a judicial determination that the said Defendants Jennifer Keough and JND Holdings, L.LC, engaged in a pattern and practice to defraud courts across the Country and further engaged in violations of RICO and Federal Anti-trust laws.

There are no countervailing benefits to defrauding the Citizens and Corporations of the United States of America.

Therefore, this Court Should order the Clerk of the court to notice all Federal Courts in the United States concerning the pendacy of this action;

Therefore, this Court Should order all courts in the United States to cease and desist in appointing JND legal as the class action administrator;

Therefore, this Court should order defendants to provide a past and current list of class actions that the defendants are seeking to become class administrator; to the court;

www.PrintablePaper.net

14

Therefore, this Court should order the South Carolina and Washington States Secretary of States to suspend all corporation business licenses issued to any of the defendants.

Therefore, this Court should request the United States Attorneys' office for the District of South Carolina, as well as the Federal Bureau of Investigation open or investigate the Defendants for their criminal misconduct.

Therefore, this Court should Direct Defendant to cease and desist in bidding, applying or been appointed, or allowing defendants to be appointed as a class action administrator in any and all courts across the United States.

16

REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. For an award of Compensatory and financial damages in the amount of $2,000,000.00 from the Defendants;

2. For an award of punitive damages against the said Defendants;

3. For special damages according to proof;

4. For all costs of suit pursuant to 28 U.S.C. 1920;

5. In addition to actual damages, statutory damages as allowed by law;

6. An Order granting the requested injunctive relief;

7. Any and other relief as this Court deems just and proper.

Dated: August 15, 2019

Respectfully Submitted,
Anthony Oliver, Pro Se

Anthony Oliver #2019040074
1050 Carl Griffin Drive
Savannah, Georgia 31405

www.PrintablePaper.net

17

JURY TRIAL DEMAND

Pursuant to the Seventh Amendment to the United States Constitution, Plaintiff does and hereby requests a jury trial.

Dated: August 15, 2019

Respectfully Submitted,
Anthony Oliver, Pro Se

Anthony Oliver #2019040074
1050 Carl Griffin Drive
Savannah, Georgia 31405

18