# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Anthony Oliver, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 6:19-cv-2486-TMC |
| v. ) | |
| ) | **ORDER** |
| JND Holdings LLC, Jennifer Keough, and ) | |
| Does 1-10, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Anthony Oliver, proceeding *pro se* and *in forma pauperis*, filed this action seeking damages and declaratory and injunctive relief against Defendants for breach of contract as well as violations of the Sherman Act, *see* 15 U.S.C. § 1, and the Racketeer Influenced and Corrupt Organization Act ("RICO"), *see* 18 U.S.C. § 1964. (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C., all pre-trial proceedings were referred to a magistrate judge.[1]

On October 11, 2019, the magistrate judge issued a Report and Recommendation ("Report") recommending that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)

---

[1] Although Plaintiff is a *pro se* litigant, he is familiar with the federal courts due to his frequent appearances. Indeed, as the magistrate judge noted, Plaintiff has been deemed a "vexatious litigant" in several cases. (ECF No. 16 at 1 n.1). *See, e.g.*, *Oliver v. Cty. of Effingham*, No. 4:18-cv-120, 2019 WL 356803, at *3 (S.D. Ga. Jan. 29, 2019) (imposing conditions on further litigation and noting that Plaintiff's "litigation record only reinforces the conclusion that Oliver is, to say the least, irresponsible"), Report and Recommendation adopted by 2019 WL 1244715 (S.D. Ga. Mar. 18, 2019); *Oliver v. City of Pooler*, No. 4:18-cv-100, 2019 WL 1005198, at *1 (S.D. Ga. Feb. 28, 2019) ("In this Court's view, Plaintiff is plainly a vexatious litigant"); *Oliver v. Lyft, Inc.*, No. C 19-01488 WHA, 2019 WL 2342263, at *1 (N.D. Cal. June 3, 2019) ("The Southern District of Georgia has imposed pre-filing conditions on plaintiff, including a post-contempt bond. The Central District of California has also declared plaintiff a vexatious litigant." (internal citation omitted)).

without issuance and service of process. (ECF No. 16 at 25).[2]  Plaintiff was advised of his right to file objections to the Report and of the consequences for failing to do so.  *Id*. at 26.  The Report and the notice of his right to object were mailed to Plaintiff at the address he provided the court. (ECF No. 17).  Plaintiff, however, has not filed any objections to the Report, and the time for doing so has expired.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In the absence of objections, this court is not required to provide an explanation for adopting the Report.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and the record in this case, the court **ADOPTS** the magistrate judge's Report (ECF No. 16) and incorporates it herein.  Accordingly, the complaint (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process.

---

[2] The magistrate judge further concluded that Plaintiff cannot cure the deficiencies in his Complaint and that allowing him to amend his pleadings would be futile.  (ECF No. 16 at 25 n.1).

Furthermore, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claim.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 31, 2019
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.